# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) Case Nos. | 10-20100-07-CM (Criminal) |
| v. ) | 13-2548-CM (Civil) |
| ) | |
| EMIGDIO VILLEGAS-CORTEZ, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Emigdio Villegas-Cortez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 355) and Motions for Discovery (Docs. 356, 364). For the reasons stated below, the court denies the motions.

### I. FACTUAL BACKGROUND

On September 8, 2010, defendant was charged with conspiracy to distribute marijuana (Count 1), conspiracy to distribute methamphetamine (Count 2), conspiracy to distribute cocaine (Count 3), possession with intent to distribute cocaine (Count 5), and illegal re-entry by a removed alien (Count 6). (Doc. 51.) On September 20, 2011, defendant entered into a plea agreement with the government and pled guilty to Count 2. (Docs. 220, 231, 232.)

A Presentence Report (PSR) was prepared and filed, which attributed to the defendant more than 1,000 kilograms of marijuana, more than ten kilograms of methamphetamine, and more than ten kilograms of cocaine. (Doc. 282 ¶ 41.) Pursuant to United States Sentencing Guideline § 2D1.1, these drug quantities were converted for a total equivalency of 23,000 kilograms of marijuana, translating to a base offense level of thirty-six. (*Id*. ¶ 47.) Enhancements for possession of a dangerous weapon and

-1-

being a manager or supervisor were included, resulting in an adjusted offense level of forty-one. (*Id*. ¶¶ 48–52.) With a reduction for acceptance of responsibility, the total offense level became thirty-eight. (*Id*. ¶¶ 53–57.) Defendant had two criminal history points, placing him in criminal history Category II. (*Id*. ¶ 62.) The guideline range was 262–327 months' imprisonment. (*Id*. ¶ 84.) Defendant made no objections to the PSR. (*Id*. ¶ 105.)

On March 28, 2012, the court conducted a sentencing hearing. While defendant did not object to the PSR, he previously had filed a motion to set aside his plea agreement, claiming that the government breached the agreement by not seeking a downward departure for substantial assistance. (Doc. 286.) The court denied defendant's motion, finding that defendant had failed to show bad faith on the part of the government or otherwise offer a valid reason to set aside the plea agreement. (Doc. 340 at 71.) The court sentenced defendant to 262 months of imprisonment.

Defendant appealed, arguing that the government breached the plea agreement by not moving for a downward departure and that the court erred by refusing to continue the sentencing hearing to allow a witness to testify live, rather than accepting that witness's testimony by proffer. The Tenth Circuit upheld defendant's sentence. (Doc. 352.) Defendant then filed this pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1]

**II. ANALYSIS**

Defendant asserts the following three grounds for relief: "counsel's failure to insure that the prosecutor abide by the agreed 10 year maximum sentence for the acceptance of the plea establishes that the Petitioner did not have competent representation" (Ground I) (Doc. 355–1 at 2), "[c]ounsel's failure to completely challenge the 262 month sentence shows that counsel was not competent in the

---

[1] The court is mindful of defendant's pro se status and liberally construes his pleadings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

-2-

law" (Ground II) (*id*. at 4), and that counsel never argued at sentencing or on appeal[2] that "the maximum sentence for a Schedule III controlled substance is ten years" (Ground III) (*id*. at 6).

## A. Ground I

### 1. Legal Standards

Defendant claims he was denied effective assistance of counsel during the negotiation of his plea agreement. The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance. *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail. First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* But, despite the existence of two prongs, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### 2. Plea Negotiations

---

[2] The court notes that defendant's trial counsel did not represent defendant during the appeal. Rather, defendant was appointed different counsel to assist with his appeal.

-3-

Defendant contends that his counsel "promise[d]" to negotiate a maximum sentence of ten years and "convinced" defendant to accept the plea offer. (Doc. 355–1 at 2.) Foremost, it is established that a "miscalculation or erroneous sentence estimation by [a] defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570–71 (10th Cir. 1993). As such, to the extent defense counsel erroneously estimated defendant's sentence, such conduct does not rise to the level of ineffective assistance.

The government explains that during the plea negotiations, defendant was offered a sentence of fifteen years, with the caveat that he provide truthful information in an ongoing investigation. (Doc. 363 at 9–10.) If defendant provided truthful information and substantial assistance, the government would possibly have recommended a sentence of less than fifteen years. (*Id.* at 10.) However, defendant failed to be completely truthful, so the government made no recommendation. (*Id.*) Thus, if defendant himself failed to provide substantial assistance that resulted in a higher-than-expected sentence, defendant's attorney is not to blame.

More importantly, the record reflects that defendant knew and understood his sentence would be more than ten years and that he could receive up to life in prison. Even if defendant was promised less than ten years, the court looks to the plea agreement and plea colloquy to determine whether defendant was prejudiced by any such purported promise. *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005). The plea agreement states at paragraph 1:

> The defendant understands that the maximum sentence which may be imposed as to Count Two of the superseding indictment to which the defendant has agreed to plead guilty is not less than 10 years to not more than life imprisonment . . . .

Additionally, the plea agreement states at paragraph 8:

-4-

> The defendant understands that the sentence to be imposed will be solely determined by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive.

(Doc. 232 at 1, 9, respectively.) The plea agreement also expressly states that the decision to recommend a sentence reduction based upon substantial assistance would be made by the government. (*Id.* at 9.)

At defendant's Rule 11 colloquy, the court explained the sentencing guidelines and confirmed that defendant understood he could receive a sentence "of not less than ten years" to life imprisonment. (Doc. 338 at 10.) Defendant also verified that he understood the court did not have to follow any government recommendations (*id.* at 23–24), the court would make the final sentencing determination (*id.* at 23), and, if the sentence was more than expected, defendant would still be bound by the plea (*id.* at 24). Finally, defendant declared under oath that no one had made any sort of promise in exchange for the plea. (*Id.* at 24.) Thus, even if defendant could show his attorney's performance was objectively unreasonable, he cannot show that defense counsel's actions caused him to plead guilty. *See United States v. Melcher*, 378 F. App'x 810, 812–13 (10th Cir. 2010) (holding that defense counsel's promise related to defendant's sentence was not objectively unreasonable given that defendant was properly advised in the plea agreement and at his plea colloquy of his potential sentence).

The record is clear that defendant understood he could receive a sentence higher than ten years, and this is corroborated by defense counsel's sworn affidavit stating he made no promise that defendant would receive a ten-year maximum sentence. (Doc. 363–1 at 1.) As such, defendant has failed to allege any facts that would entitle him to relief, rendering improper an evidentiary hearing on this issue. *Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001); *see also Hooks v. Workman*, 606

F.3d 715, 731 (10th Cir. 2010) (affirming denial of request for evidentiary hearing where issues resolvable solely on the basis of the existing record). The court holds that defendant received effective assistance of counsel during the plea negotiations.

### B. Grounds II and III

#### 1. Procedural Default

With respect to Grounds II and III, while defendant has couched his arguments in terms of ineffective assistance of counsel at sentencing, it appears defendant is in reality attacking the sentence he received. To the extent defendant claims his sentence somehow exceeded the statutory maximum, those claims are barred.

A motion brought pursuant to § 2255 is not intended as a substitute for an appeal. *United States v. Cervini*, 379 F.3d 987, 990–91 (10th Cir. 2004) (citing *United States v. Frady*, 456 U.S. 152, 164–65 (1982)). As such, "failure to raise an issue either at trial or on direct appeal imposes a procedural bar to habeas review." *United States v. Barajas-Diaz*, 313 F.3d 1242, 1245 (10th Cir. 2002); *see also Bousley v. United States*, 523 U.S. 614, 622 (1998). There are, however, two exceptions to this procedural bar. First, the court will consider defendant's defaulted claims if he can show both good cause for the default and actual prejudice. *See Frady*, 456 U.S. at 167; *United States v. Pennington*, 219 F. App'x 805, 807 (10th Cir. 2007). Second, the court may reach the merits of the claimed constitutional deficiencies despite the procedural bar if defendant can establish that "failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Here, defendant appealed his sentence, contending that the government breached its promise under the plea agreement. (Doc. 352 at 2.) Thus, to the extent defendant failed to raise any issues on direct appeal that the district court imposed a sentence that exceeded the statutory maximum, those

claims are procedurally barred, as defendant has shown neither good cause for the default nor actual prejudice, and the court does not believe a fundamental miscarriage of justice would occur if this court declines to consider these new claims.

### 2. Waiver

In addition to being procedurally barred from attacking his sentence, the court finds defendant has waived these claims pursuant to the terms of his plea agreement. In this case, defendant signed a plea agreement that contains a waiver of appeal and collateral attack of his sentence. (Doc. 232 at 12–13.) In general, a court will hold a defendant to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). A knowing and voluntary waiver of 28 U.S.C. § 2255 rights is enforceable. *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). The court applies a three-pronged analysis to evaluate the enforceability of such a waiver, in which the court must determine: (1) whether the scope of the waiver covers the disputed issue; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcement of the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

#### a. Scope of Waiver

In determining whether a disputed issue is within the scope of the waiver, courts look to the plain language of the plea agreement. *United States v. Anderson*, 374 F.3d 955, 957–58 (10th Cir. 2004). The court strictly construes the waiver and resolves any ambiguities against the government. *Hahn*, 359 F.3d at 1343. Defendant's plea agreement at paragraph 14 states:

> The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the

> defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c) and a motion brought under Fed. Rule of Civ. Pro 60(b) [sic]. In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(Doc. 232 at 12–13.) In addition, defendant confirmed at the plea hearing that he understood he was waiving any right to appeal or collaterally attack his sentence. (Doc. 338 at 21–22.)

The court construes the plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted). As set forth in the plea agreement, defendant waived his right to appeal any sentence within the guideline range or to otherwise challenge his sentence in any collateral proceeding, including a motion brought under 28 U.S.C. § 2255. Defendant cannot overcome a reading of the plain language of the plea agreement, even using a narrow construction of the scope of the waiver. *See Hahn*, 359 F.3d at 1325. Defendant's claims asserted in Grounds II and III fall within the scope of the waiver.

### b. Knowing and Voluntary

In determining whether a defendant's waiver was knowing and voluntary, the court looks to the specific language of the plea agreement and the court's Rule 11 plea colloquy with the defendant. *See id.* Defendant's plea agreement expressly states that defendant had sufficient time to discuss the agreement with counsel, he freely and voluntarily entered into the agreement, and the agreement was not the result of any threats, duress, or coercion. (Doc. 232 at 14.)

During defendant's Rule 11 colloquy, the court asked defendant a series of questions regarding his understanding of the consequences of the plea, to which defendant responded that his entry of the plea was voluntary and that he understood the consequences. (Doc. 338 at 5–31.) Because defendant is "bound by his solemn declarations in open court," *Lasiter v. Thomas*, 89 F.3d 699, 703–04 (10th Cir. 1996) (internal quotation marks omitted), the court finds that defendant knowingly and voluntarily entered his plea, and nothing in the record suggests otherwise.

### c. Miscarriage of Justice

Enforcing a waiver of rights results in a miscarriage of justice if (1) the court considered an impermissible factor such as race; (2) the defendant received ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the sentence is otherwise unlawful, and is the result of error that seriously threatens the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant bears the burden of demonstrating that a waiver results in a miscarriage of justice. *Anderson*, 374 F.3d at 959 (citation omitted).

Here, the court did not consider any impermissible factors in determining defendant's sentence, the sentence is within the statutory range, and even if the court imposed an unlawful sentence, such was not the result of error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Moreover, with respect to ineffective assistance of counsel in negotiating the waiver, defendant makes no allegation that he was denied effective assistance related to the waiver itself, and the court already determined above that defendant received effective assistance of counsel in negotiating the plea agreement, which included the waiver. Defendant was repeatedly apprised of the statutory minimum applicable to his case and that he faced up to life in prison, thereby rendering baseless his claims of ineffective assistance. *United States v. Kutilek*, 260 F. App'x 139, 147 (10th Cir.

2008). Accordingly, the court finds no reason why enforcement of the waiver would result in a miscarriage of justice.

### 3. Claims of Ineffective Assistance of Counsel During Sentencing

The court finds the plea agreement is lawful, defendant's claim of ineffective assistance of counsel during the plea negotiations is unsubstantiated, and, therefore, defendant has waived any argument that his sentence was erroneous. However, defendant sets forth his sentence-related arguments in terms of ineffective assistance of counsel at sentencing. The court determines that such claims are barred.

Under *Cockerham*, a waiver of post-conviction rights does not waive claims of ineffective assistance of counsel "challenging the validity of the plea or the waiver." 237 F.3d at 1187. In this circuit, "[t]he *Cockerham* exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing." *United States v. Akers*, 377 F. App'x 834, 836 (10th Cir. 2010) (per curiam) (unpublished); *see also United States v. Morrison*, 415 F. App'x 860, 863–64 (10th Cir. 2011). Accordingly, defendant's claims set forth in Grounds II and III are barred, as defendant cannot raise arguments that his counsel was ineffective at sentencing. *Kutilek*, 260 F. App'x at 148 (holding that ineffective assistance of counsel at sentencing does not invalidate a waiver of collateral attack).

In sum, defendant's claims in Grounds II and III are barred, and the court denies Ground I on the merits, rendering denial of defendant's habeas petition appropriate. Defendant's motions for discovery of documents related to the plea negotiations and defendant's debriefings are therefore denied as moot.

### C. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 355) is denied.

**IT IS FURTHER ORDERED** that defendant's Motions for Discovery (Docs. 356, 364) are denied as moot.

Dated this 19th of May 2014, at Kansas City, Kansas.

                                             s/ Carlos Murguia
                                             **CARLOS MURGUIA**
                                             **United States District Judge**