IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

   **Plaintiff,**

v.                Case No. 10-20100-07-JWL

**Emigdio Villegas-Cortez,**

   **Defendant.**

## MEMORANDUM AND ORDER

  In September 2011, defendant entered a guilty plea to conspiracy to distribute and possess with the intent to distribute more than 50 grams of methamphetamine. He was sentenced to a total term of 262 months imprisonment. In February 2015, the judge assigned to this case at that time reduced defendant's sentence from 262 months to 210 months pursuant to Amendment 782. Defendant has now filed a pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. 425) in which he asks the court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines. The motion is dismissed.

  "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *See United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582 allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(2). The Sentencing Commission amended the United States Sentencing Guidelines effective November 1, 2023. *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023). Part A of

Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C.1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* United Stated Sentencing Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 2, 2024).

Defendant contends that he was assessed two additional criminal history points (or "status points") because he committed the instant offense while on probation in another case. According to defendant, then, he should receive a reduction in his criminal history points due to the revised sentencing guidelines in Part A of Amendment 821—which limits status points when the offense is committed while under a criminal justice sentence. But as the government correctly explains in its response,[1] defendant was not assessed any "status points" in his PSR because he was not under a criminal justice sentence at the time he committed the instant offense. *See* Doc. 282 ¶ 62. Amendment 821, then, does not change defendant's criminal history points or criminal history category and, accordingly, does not lower defendant's sentencing range.

In sum, because the defendant has not shown a basis for the court's jurisdiction, the court must dismiss his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reduction of sentence pursuant to 18 U.S.C. 3582(c)(2) (doc. 425) is **dismissed for lack of jurisdiction.**

---

[1] Defendant has not submitted a reply to the government's response and the deadline for doing so has passed by two weeks.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2024, at Kansas City, Kansas.

                                                    s/John W. Lungstrum
                                          HON. JOHN W. LUNGSTRUM
                                          United States District Judge